UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIDALIA RAMOS, | * * * |
| Plaintiff, | * * |
| v. | * * |
| | * Civil Action No. 23-cv-12848-ADB |
| UNITED STATES POSTAL SERVICE | * * |
| Defendant. | * * * * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Midalia Ramos[1] ("Plaintiff" or "Ramos") filed the instant action against

Defendant United States Postal Service ("Defendant" or "USPS"), asserting one claim of

negligence resulting from a vehicular collision.  [ECF No. 1 ("Complaint" or "Compl.")].

Currently pending before the Court is Defendant's motion to dismiss the Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6), [ECF No. 16], for failing to file a completed

administrative claim within the two-year statute of limitations of the Federal Tort Claims Act

("FTCA").  For the reasons set forth below, Defendant's motion is **GRANTED**.

I.    **BACKGROUND**

The following relevant facts are taken primarily from the Complaint, which the Court

assumes to be true when considering a motion to dismiss.  Ruivo v. Wells Fargo Bank, N.A., 766

---

[1] The Court notes that the docket mistakenly lists Plaintiff's name as "Midlalia Ramos," when
Plaintiff refers to herself as "Midalia Ramos."  As such, the Court uses the latter spelling of
Plaintiff's name in this Order.

F.3d 87, 90 (1st Cir. 2014).  As it may on a motion to dismiss, the Court has also considered

"documents incorporated by reference in [the complaint], matters of public record, and other

matters susceptible to judicial notice."  Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008)

(alteration in original) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir.

2003)).

### A.  Factual Background

On approximately December 2, 2020, Plaintiff, a resident of Suffolk County,

Massachusetts, was a passenger in a 2007/2008 Mercedes Benz which was being driven by

Athena Armand ("Armand"), a resident of Malden, Massachusetts.[2]  [Compl. ¶¶ 4, 7].  As the

vehicle was merging onto Route 1 in Saugus, Massachusetts, it was rear-ended by a USPS truck

operated by an unknown USPS employee in the course of his employment.  [Id. ¶¶ 7–8].  As a

result of the impact, Plaintiff sustained injuries to her left hip, lower back, and shoulder and

underwent "substantial medical treatment" that incurred medical expenses in excess of $2,000.

[ECF No. 1-3 at 3; Compl. ¶¶ 8–9].  Plaintiff "has been totally and partially disabled as a result

of th[e] collision," [Compl. ¶ 10], "continue[s] to suffer severe injuries, physical and emotional

damages, pain and suffering, and has been prevented from carrying on her usual activities of

daily living," [id. ¶ 16].

On or about January 28, 2021, Plaintiff presented a notice of her bodily injury claim to

the USPS Accident Claims Unit, [Compl. ¶ 11; ECF No. 1-3 at 2], attaching a signed copy of the

Standard Form 95 ("SF-95"), [ECF No. 1-3 at 3–4].  As relevant here, the SF-95 asks a claimant

to provide, inter alia, the basis of the claim, the nature and extent of property damage, the nature

---

[2] In what the Court construes to be an immaterial typographical error, Plaintiff refers to both a 2007 and 2008 Mercedes Benz car model.  See [Compl. ¶¶ 4, 7].

and extent of each injury incurred by the claimant, and the "Amount of [the] Claim (in dollars),"
including property damage ("Box 12a"), personal injury ("Box 12b"), and the total amount
("Box 12d"). See [id. at 3]. The "Amount of Claim" section contains several advisements,
warning claimants that failure to request damages in a "sum certain will render your claim
invalid and may result in forfeiture of your rights." [Id. at 3–4]; see also [id. at 3 (a shorter but
similar advisement in Box 12d)]. Specifically, the section informs claimants that:

- "A claim shall be deemed to have been presented when a federal agency receives from a
  claimant . . . an executed standard form 95 or other written notification of an incident,
  accompanied by a claim for money." [ECF No. 1-3 at 4 (emphasis added)].

- "If claimant intends to file for both personal injury and property damage, the amount for
  each must be shown in item number 12 of this form." [Id. (emphasis added)].

- "Failure to completely execute this form or to supply the requested material within two
  years from the date the claim accrued may render your claim invalid." [Id.].

- "Damages in a **sum certain** for injury to or loss of property, personal injury, or death
  alleged to have occurred by reason of the incident, the claim must be presented to the
  appropriate federal agency within **two years** after the claim accrues." [Id.] (emphasis in
  original).

- "Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the
  requested information or to execute the form may render your claim 'invalid.'" [Id.].

In Boxes 12a, 12b, and 12d, Plaintiff inserted a claimed amount of $0.00 and signed the
SF-95 "certify[ing] that the amount of claim covers only damages and injuries caused by the
incident above and agree[ing] to accept said amount in full satisfaction and final settlement of
this claim." [ECF No. 1-3 at 3].

On June 26, 2023, Plaintiff received a final administrative ruling from USPS, denying
Plaintiff's claim because "it was filed beyond the time period established by statute" and USPS
therefore "ha[d] no authority to consider this claim." [ECF No. 1-4 at 2].

### B. Procedural History

Plaintiff filed her Complaint on November 22, 2023. [Compl.]. On March 7, 2024, Plaintiff requested an entry of default, [ECF No. 5], which was entered on March 8, 2024, [ECF Nos. 6–7], and moved for default judgment against USPS on April 3, 2024, [ECF No. 9]. USPS opposed on April 8, 2024, [ECF No. 10], and the Court subsequently denied Plaintiff's motion on the basis that Defendant was not provided with proper service of process, [ECF No. 11]. After Plaintiff properly effectuated service on Defendant, USPS moved on July 15, 2024, to dismiss the case. [ECF No. 16]. Plaintiff filed a response on July 24, 2024, [ECF No. 19 ("Opposition" or "Opp'n")], and USPS replied on August 2, 2024, [ECF No. 22 ("Reply")].

## II.    LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pled facts as true, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 76, 80 (1st Cir. 2019). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.[3]

---

[3] As a preliminary matter, the Court notes that the Supreme Court has held that the FTCA's two-year statute of limitations is non-jurisdictional. United States v. Wong, 575 U.S. 402, 420 (2015). Consequently, courts in the First Circuit have determined that "motions to dismiss based on the FTCA's statute of limitations should now be brought under [Rule] 12(b)(6) (failure to

### III.    DISCUSSION

The Federal Tort Claims Act ("FTCA") allows lawsuits against the United States for personal injuries caused by a government employee's negligence under circumstances in which a private individual would be liable under the law of the state in which the negligent act or omission occurred.  28 U.S.C. § 1346(b)(1).  It "provides the exclusive remedy to compensate [a plaintiff] for a federal employee's tortious acts committed within his or her scope of employment."  Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) (citation omitted).

Before a plaintiff can bring suit under the FTCA, however, certain conditions must be met, including that prior to filing suit and within two years of the claim accruing, an administrative claim in writing must be made to the appropriate federal agency.  28 U.S.C. § 2401(b); see 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency.").  If this requirement is not met, "[a] tort claim against the United States shall be forever barred." 28 U.S.C. § 2401(b); Cook v. United States, No. 20-cv-11907, 2021 WL 311444, at *1 (D. Mass. Jan. 29, 2021) (quoting McNeil v. United States, 508 U.S. 106, 112 (1993)); see also Marino v. Gammel, 191 F. Supp. 2d 243, 252 (D. Mass. 2002) ("[A] claimant [must] file a claim with the relevant federal agency within two years after the claim has occurred").

Here, Defendant argues that the Complaint must be dismissed because Plaintiff failed to file a valid administrative claim with USPS, the relevant government agency, within the FTCA's

---

state a claim upon which relief can be granted), or considered pursuant to Rule 56 (summary judgment)."  Morales-Melecio v. United States, 890 F.3d 361, 367 (1st Cir. 2018).

two-year statute of limitations.[4]  Specifically, Defendant asserts that although Plaintiff submitted
an SF-95 on January 28, 2021, a couple of months after the accident had occurred, she failed to
include a "sum certain" as to the alleged damages, meaning that her submission was non-
compliant.  [ECF No. 17 at 4–5].  Thus, by the time Plaintiff filed a renewed claim, which
included a sum certain, on February 1, 2023, the statute of limitations had run.  [Id.].  Plaintiff
responds that the "purpose of [] SF-95 is to provide the agency with notice of a claim,"
suggesting that because the initial submission on January 28, 2021 sufficiently alerted Defendant
to the potential of litigation, her claim is not barred.  [Opp'n at 4–6].  In support of her argument,
Plaintiff asserts various new facts, not alleged in the Complaint, including that (i) around the
same time Plaintiff submitted her original notice of claim on January 28, 2021, her counsel also
submitted a notice for Armand, [id. at 1]; (ii) USPS acknowledged Plaintiff and Armand's
respective SF-95s on February 4, 2021, [id. at 1–2]; (iii) on the same day, Plaintiff's counsel
received a phone call from USPS, asking for the requested sums in both claims, [id.]; (iv) during
the phone call, Plaintiff's counsel made an oral demand of $100,000.00 for Plaintiff and
$100,000.00 for Armand, [id. at 2]; (v) after the phone call, USPS sent Plaintiff's counsel "a
general letter that would accompany [the] response to request for a claim form," including a
blank SF-95, [ECF No. 19-2 at 2; Opp'n at 2]; (vi) on or about November 19, 2021 Plaintiff's
counsel submitted a "settlement demand package" for Armand, [Opp'n at 2]; (vii) Armand and
USPS settled on July 21, 2022, [id.]; (viii) on January 25, 2023 Plaintiff's counsel made a
settlement demand package on behalf of Plaintiff seeking $100,000, [id. at 3]; (ix) the settlement
demand package included an SF-95 asserting $100,000.00 in damages, [id.]; (x) on the same day,

---

[4] The parties seemingly agree that the injury accrued on the day of the accident on December 2,
2020, see generally [ECF No. 17, Opp'n], meaning the statute of limitations lapsed on
approximately December 2, 2022.

USPS sent Plaintiff's counsel an email asking what proof had previously been provided to USPS, [id.]; (xi) in response to USPS' query, Plaintiff's counsel forwarded the January 28, 2021 email, [id.]; and (xii) on February 14, 2023, USPS informed Plaintiff's counsel that "someone will be in touch . . . regarding the matter," [id.].

As a threshold matter, "an opposition to a motion to dismiss is not the place for new factual allegations." Decoulos v. Town of Aquinnah, No. 17-cv-11532, 2018 WL 3553351, at *12 (D. Mass. July 24, 2018) ("[Plaintiff] cannot bolster the allegations of the Amended Complaint through the late addition of new facts in opposing a motion to dismiss."); Klein v. MHM Corr. Servs., Inc., No. 08-cv-11814, 2010 WL 3245291, at *2 (D. Mass. Aug. 16, 2010) ("For the purposes of deciding whether a plaintiff's factual allegations are sufficient in the context of a motion to dismiss under Rule 12(b)(6), the court may not look beyond the complaint to facts alleged solely in a plaintiff's moving papers."); see Gordo-Gonzales v. United States, No. 15-cv-01602, 2016 WL 10672229, at *2 (D.P.R. July 22, 2016) ("Using motion pleading to include new facts and law is an improper way to supplement or amend a Complaint."); Cabi v. Bos. Children's Hosp., 161 F. Supp. 3d 136, 159 n.4 (D. Mass. 2016) ("Plaintiffs are limited to the claims that are raised in the complaint"). In fact, "it is axiomatic that a [p]laintiff may not amend its pleadings in the opposition memorandum." Portfolioscope, Inc. v. I-Flex Sols. Ltd., 473 F. Supp. 2d 252, 256 (D. Mass. 2007). Accordingly, the Court will not consider the new exhibits or the facts newly asserted in the Opposition. [5]

---

[5] The Court recognizes that extrinsic documents outside the pleadings may be considered in a Rule 12(b) motion to dismiss if they fall under "certain narrow exceptions," which include "documents the authenticity of which are not disputed by the parties; [] official public records; [] documents central to plaintiff['s] claim; [and] [] documents sufficiently referred to in the complaint." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). Given that Plaintiff has neither "articulate[d] to the [] court any reason why it could or should consider the attachments in ruling on the motion to dismiss,"

Turning to the parties' arguments, to satisfy the sum certain requirement, a claimant must submit "an executed Standard Form 95 or other written notification of an incident, <u>accompanied by a claim for money damages in a sum certain</u> for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."  28 C.F.R. § 14.2(a) (emphasis added) (referring to 28 U.S.C. § 2675 and § 2401(b), inter alia).  In order to assert a sum certain, "a claimant must provide a definite monetary figure, representing the maximum amount of claimed damages."  <u>LaRosa v. U.S. Postal Serv.</u>, No. 21-cv-11409, 2022 WL 392820, at *1 (D. Mass. Feb. 9, 2022).  That said, and "keeping in mind that the law was not intended to put up a barrier of technicalities to defeat [an individuals'] claim[]," <u>Santiago–Ramirez v. Sec'y of Dep't of Def.</u>, 984 F.2d 16, 19 (1st Cir. 1993), "failure to specify a sum certain on the SF 95 may not be fatal if the claimant provides documents (e.g., medical bills) that 'lend' themselves 'to determination of a sum certain or even an approximate total of damages claimed.'"  <u>Holloway v. United States</u>, 845 F.3d 487, 490 (1st Cir. 2017) (quoting <u>Kokaras v. United States</u>, 980 F.2d 20, 22 (1st Cir. 1992)).  "[W]hat matters is whether the plaintiff timely specified a sum certain on the SF 95 or otherwise timely provided documents from which a sum certain could be ascertained."  <u>Id.</u> at 491.  This is because "[t]he purpose behind the sum-certain requirement is to tip the government off as to its possible liability so that it can investigate the alleged negligent episode to see if settlement would be in the best interests of all."  <u>Id.</u> at 489–90 (internal quotations and citations omitted).

---

nor "offered [a] persuasive reason why the attachments could not have been submitted with the complaint or included in a proposed amended complaint," the Court, in its discretion, declines to consider documents attached to Plaintiff's Opposition or facts newly asserted therein.  <u>Douglas v. Hirshon</u>, 63 F.4th 49, 57–58 (1st Cir. 2023).

Here, Plaintiff failed to timely present a sum certain of damages, either through the SF-95 or through supplemental documents from which that sum could be ascertained, and her claim is accordingly time-barred.  See [Compl.; ECF No. 1-3].  Although the Court agrees that the purpose of the sum certain requirement is to provide notice of a claim, see supra, Plaintiff did not present any written documents from which USPS could determine a reliable sum of damages.  Holloway, 845 F.3d at 492.  To the contrary, Plaintiff indicated in the relevant boxes on the SF-95 that she asserted $0.00 in damages.  [ECF No. 1-3 at 3].  While sympathetic to Plaintiff's plight, the Court cannot, under the circumstances of this case, find that Plaintiff adequately pled that she gave USPS notice of a sum certain.  Holloway, 845 F.3d at 489, 491 (dismissing FTCA claim because plaintiff "failed to fill in the sum-certain box"); Coska v. United States, 114 F.3d 319, 323 (1st Cir. 1997) (dismissing FTCA claim because "there was essential information missing from the packet and the letters—namely, the amount of damages being sought from the United States"); LaRosa, 2022 WL 392820 at *1–2 (dismissing FTCA claim because plaintiff wrote "Pending" in Boxes 12b and 12d and failed to provide additional documentation).  Accordingly, Defendant's motion to dismiss is **<u>GRANTED</u>**.

IV.    **CONCLUSION**

For the above reasons, the motion to dismiss, [ECF No. 16], is **<u>GRANTED</u>**.  The case is dismissed without prejudice.

**SO ORDERED.**

December 6, 2024                                      */s/ Allison D. Burroughs*
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE